ROSE DONAHUE, APPELLANT, v. HENRIETTA MELCHIORA CASABIANCA, ADELE CYOLE AND GEORGE S. MILAZZO, EXECUTORS OF ESTATE OF ENRICO CASABIANCA, DECEASED, RESPONDENTS.

LOUISE E. PEARCE, APPELLANT, v. HENRIETTA MELCHIORA CASABIANCA, ADELE COYLE AND GEORGE S. MILAZZO, EXECUTORS OF ESTATE OF ENRICO CASABIANCA, DECEASED, RESPONDENTS.

Argued May term, 1932—Decided October 17, 1932.

For the appellants, *Milton M. Unger.*

For the respondents, *Edwards, Smith & Dawson.*

The opinion of the court was delivered by

LLOYD, J. These two cases were tried together in the court below and are argued together on the appeal to this court. The actions were on promissory notes made by one Enrico Casabianca, three to the order of Rose Donahue for the sum of $2,050 each and one to the order of Louise E. Pearce in

the sum of $2,050. Recovery was sought for the sum of $2,000 only on each note. There was a direction of a verdict in each case for the defendants, the executors of the estate of Casabianca, and the plaintiffs appeal.

The grounds upon which we are asked to reverse are that certain testimony which had been received was improperly stricken out and that the direction of verdicts was erroneous.

The notes were originally in the sum of $2,100 and by reduction resulted in the notes as above stated. The defense in each case was that the notes were New York contracts and that they were usurious to the extent of $50 each and that under the law of that state there could be no recovery of any part of the principal. To meet this defense the plaintiffs called George S. Milazzo, one of the defendants, who testified that the deceased, whom he had known for many years and done business with, approached him for a loan and that he suggested that Miss Donahue had means and that he would ask her. This he did and Miss Donahue refused except upon condition that the witness would guaranty payment of the loan. This the witness agreed to do if he were paid the sum of $100. Instead of the amount being actually paid it was incorporated in the note. The same testimony was given as to the remaining notes subsequently borrowed on from Rose Donahue and Louise E. Pearce.

This testimony was objected to on the ground that it varied the written agreement and on the further ground that it was inadmissible under paragraph 4 of the Evidence act which prohibits any party to an action to give testimony as to any transaction with or statement by any testator or intestate represented in the action. The learned trial judge received the evidence as already indicated and later, on motion, struck it out upon the ground stated in the first objection and directed verdicts as already indicated.

It clearly appeared we think that the notes were New York contracts and governed by the law of that state, and if usurious in any degree the severe penalty of loss of the principal followed, and to this extent we agree with the conclusion reached in the trial court, and if the court was

right in striking out the evidence alcardy referred to, the direction of verdicts in favor of the defendants was proper. We think, however, there was clear error in thus dealing with the evidence adduced. An exception to the rule which forbids the offering of parol proof to alter or vary a written contract is universally acknowledged to exist respecting the consideration, which is always open to investigation. This exception is well stated in 10 *R. C. L.* 1042:

"In reference to all instruments acknowledging the receipt of a consideration, it is now well settled that it is competent by parol to show that no consideration was in fact paid or received, or that the consideration was greater or less than or different from the one expressed. This may be done for every purpose except to impeach or destroy the instrument."

In our own state familiar statements of the law to like effect are *Chadduck* v. *Van Ness,* 35 *N. J. L.* 517; *Middleton* v. *Griffith,* 57 *Id.* 442.

We think additionally that the evidence was competent in that it was a collateral agreement entered into between the borrower and the witness for his guaranty of the loans, the fruits of which were incorporated for convenience in the paper. In 22 *C. J.* 1254, it is said that "parol evidence is admissible to show collateral agreements between such parties (to negotiable instruments) provided such agreements are not inconsistent with and do not tend to vary or contradict the terms of the written instruments."

Clearly there was no contradiction of the terms of the note here except by possibility in the destination of the consideration named, and as to this we have already indicated the door was open to modifying proofs.

It only remains to consider the objection urged that the testimony of Milazzo was in violation of the Evidence act. Our conclusion is that it was not. It is urged that while ostensibly Milazzo was a defendant executor only, he was in reality a party plaintiff seeking recovery on the notes as well. The fact seems to be to the contrary. The plaintiffs were suing wholly for the amounts due to themselves. To this Milazzo was neither a party in fact as plaintiff nor in

interest. When, therefore, he testified to transactions with the deceased, his testimony was properly received and should not have been stricken out.

The judgment is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.